IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, § § § | | |
| Plaintiff § | | |
| § | | |
| v.    Code § | | CASE N0. 5:16-cv-326 |
| § | | |
| CASABLANCA OILFIELD § | | |
| SERVICES, LLC, and ARMANDO § | | |
| GALLEGOS, § | | |
| Defendants § | | |

## ORIGINAL COMPLAINT SEEKING DECLARATORY RELIEF

TO THE COURT:

United Specialty Insurance Company ("United"), Plaintiff, files this as its Original Complaint Seeking Declaratory Relief. In support of its Original Complaint, United would show this Court as follows:

### Parties

1. United Specialty Insurance Company is a surplus lines insurance carrier organized under the laws of the State of Delaware, with its headquarters and principal place of business in Texas.

2. Casablanca Oilfield Services, LLC ("Casablanca") is a trucking company organized and doing business under the laws of the Texas. Casablanca can be served with process through service on Fernando Garza, 14420 Export Road, Laredo, Texas 78045, or wherever he may be found. United requests that summons be issued so that service may be perfected upon this defendant.

3. Armando Gallegos ("Gallegos") is an individual who resides at 3407 Sheffield Street, Laredo, Texas 78043, where he can be served with process, or

1

wherever he may be found. United requests that summons be issued so that service can be perfected upon this defendant at this time.

## Jurisdiction and Venue

4.     Federal question jurisdiction exists in this Court because the coverage issues before this court require the interpretation of federal laws, including the MCS-90 endorsement, 49 C.F.R. §387.1-.17, as well as an interpretation of the definition of statutory employee under 49 C.F.R. §390.5.  28 U.S.C. § 1331.

5.     Venue is proper in this Court because Casablanca is the named insured under a policy of insurance issued by United.  At the time the policy was issued, Casablanca had its headquarters and principal place of business in Laredo, Texas. Consequently, venue for this declaratory judgment action is proper in this Court.  28 U.S.C §124(b)(3).

## Background

6.     United Specialty Insurance Company issued Policy No. MAT 0003400-30934 to MAC-NAFTA, with a certificate issued to Casablanca Oilfield Services, Inc. (the "Policy").  The Policy had a policy period from 9/28/15 to 9/28/16.

7.     Gallegos was injured while he was hauling a load for Casablanca. Gallegos opened the back door of the trailer he was hauling, and coffins fell out and allegedly struck him. After he was injured, he filed a lawsuit, which was styled: Cause No. 2016CVT002092 D3; *Armando Gallegos v. Casablanca Oilfield*

*Services, LLC*; in the 341st District Court of Webb County, Texas (the Underlying Lawsuit").

8. According to the petition in the Underlying Lawsuit:

### FACTS

7. In February 2016, Plaintiff was a commercial driver employee of CASABLANCA. CASABLANCA is a non-subscriber to the Texas Workers Compensation system. Plaintiff was directed by his employer to deliver a truckload of caskets to a customer. The trailer of caskets was loaded and sealed by CASABLANCA. The trailer had been improperly loaded and when Plaintiff open the door the trailer, he was struck by a falling casket. Plaintiff sustained injuries to his head, neck and arm.

### The Policy

9. In pertinent part, the Policy provides coverage under the Truckers Coverage Form. Under the insuring agreement portion of the Policy, the Policy reads as follows:

**SECTION II- LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums and "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto".

10. The Policy contains several exclusions which apply to eliminate coverage.

11. More specifically, the Policy reads as follows:

**B. Exclusions**

This insurance does not apply to any of the following:

3

. . .

**3.    Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4.    Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.**    An "employee" of the "insured" arising out of and in the course of:

**(1)**    Employment by the "insured"; or

**(2)**    Performing the duties related to the conduct of the "insured's" business; or

**b.**    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

**(1)**    Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)**    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

12.    In addition, the Policy contains a federally-mandated endorsement, the MCS-90 endorsement.

13.    In pertinent part, the MCS-90 endorsement reads as follows:

The insurance policy to which this endorsement is attached provides automobile liability insurance is

amended to assure compliance by the insured, within the limits stated herein, is a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs only route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, ***does not apply to injury to or death of the insured's employees*** while engaged in the course of their employment, or property transported by the insured, designated as cargo. (MCS-90 Endorsement, emphasis added).

### Employee or Statutory Employee

14. Armando Gallegos was either a direct employee of Casablanca or was a statutory employee of Casablanca. Because Gallegos was engaged in interstate transportation activities on behalf of Casablanca at the time of the incident that gives rise to the Underlying Lawsuit, Armando Gallegos is considered a statutory employee of Casablanca.  49 C.F.R. §390.5.

15. According to the federal regulations, the definition of employee under 49 C.F.R. §390.5 is:

> Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an

5

>independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and freight handler.  *See*, 49 C.F.R. § 390.5.

16. Because Gallegos was engaged in the operations of an interstate trucking company as a driver at the time of the incident that gives rise to the Underlying Lawsuit, Gallegos is considered an employee or statutory employee of Casablanca.  Accordingly, the Employee Exclusion operates to eliminate coverage under the United Policy for the claims made by Gallegos in the Underlying Lawsuit against Casablanca.  Gallegos further seeks relief based on the worker's compensation laws of Texas.  As a result, the Worker's Compensation Exclusion eliminates coverage for his claims.

17. The United Policy also contains a federally-mandated endorsement known as the "MCS-90 Endorsement" that may be applicable under certain circumstances.  However, the MCS-90 Endorsement only applies to "for-hire motor carriers operating motor vehicles transporting property in interstate or foreign commerce."  49 C.F.R. §387.3.  The MCS-90 Endorsement also, by it terms, specifically does not apply to injury or death of the insured's employees while engaged in the course of their employment.  Because Gallegos was an employee or statutory employee of Casablanca at the time of the accident that forms the basis of the Underlying Lawsuit, the MCS-90 Endorsement does not apply to the claims of Gallegos. In addition, the MCS-90 may not apply if the load being transported did not involve interstate or foreign commerce.

## **Relief Sought**

18. United seeks a declaration from this Court of no coverage pursuant to 28 U.S.C. §§2201 and 2202. United is further entitled to a declaration from this Court that no duty to defend Casablanca exists for the claims made in and which form the basis of the Underlying Lawsuit. Additionally, United is entitled to a declaration from this Court that it has no duty to provide indemnity to pay for any judgment that might be rendered against Casablanca for the claims made in and which form the basis of the Underlying Lawsuit.

## **Prayer**

19. United Specialty Insurance Company prays that after consideration of this matter, either through trial or dispositive motion, that this court order and declare the following:

   a. that no coverage exists under United Specialty Insurance Company Services, Policy No. 0003400-30934 to MAC-NAFTA, with a certificate issued to Casablanca Oilfield Services, LLC for the claims made in and which form the basis of that particular lawsuit styled: Cause No. 2016CVT002092 D3; *Armando Gallegos v. Casablanca Oilfield Services, LLC*; in the 341st District Court of Webb County, Texas;

   b. that United Specialty Insurance Company has no duty under Policy 0003400-30934 to MAC-NAFTA, with a certificate issued to Casablanca Oilfield Services, LLC to provide a defense to Casablanca Oilfield Services, LLC for the claims made in and which

    form the basis of that particular lawsuit styled: Cause No. 2016CVT002092 D3; *Armando Gallegos v. Casablanca Oilfield Services, LLC*; in the 341st District Court of Webb County, Texas;

c.     that United Specialty Insurance Company has no duty under Policy 0003400-30934 to MAC-NAFTA, with a certificate issued to Casablanca Oilfield Services, LLC to provide indemnity to Casablanca Oilfield Services, LLC or to any other person or entity that may obtain a judgment or award for the claims made in and which form the basis of that particular lawsuit styled: Cause No. 2016CVT002092 D3; *Armando Gallegos v. Casablanca Oilfield Services, LLC*; in the 341st District Court of Webb County, Texas; and

d.     that United Specialty Insurance Company receive all other relief, general or special, at law or in equity, to which it shows itself entitled to receive.

                                                Respectfully Submitted,

                                                BY:   /s/George T. Jackson
George T. Jackson
Texas Bar No. 10466950
Federal Bar No. 15072
5615 Kirby Drive, Suite 900
Houston, TX  77005
(713)626-1555 Telephone
(713)622-8077 Telecopier
gjackson.atty@bushramirez.com

**BUSH & RAMIREZ, PLLC of counsel**
**ATTORNEY FOR UNITED**
**SPECIALTY INSURANCE COMPANY**